NOT FOR PUBLICATION
UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------X

In Re:                                                                          Chapter 13

NANCY LYNN MCGOWAN,                                       Case No.: 10-12944 (MBK)


                                              Debtor.
---------------------------------------------------------X

APPEARANCES:

William H. Oliver, Jr.
Law Offices of William H. Oliver, Jr.
Brandywine Commons
2240 Route 33 East, Suite 112
Post Office Box 667
Neptune, NJ 07753
Attorney for Debtor, Nancy Lynn McGowan

Peter J. Broege
Broege Neumann Fischer & Shaver, L.L.C.
25 Abe Voorhees Drive
Manasquan, NJ 08736
Attorneys for Mark C. McGowan


**MICHAEL B. KAPLAN, U.S.B.J.**


## MEMORANDUM DECISION

**I.      INTRODUCTION**

   This matter is before the Court by way of a Motion for Relief from the Automatic Stay

filed by Peter J. Broege, Esq. on behalf of unsecured creditor Mark C. McGowan ("Mr.

McGowan"), the Debtor Nancy Lynn McGowan's former husband ("Debtor").  Mr. McGowan

seeks stay relief to return to state court and request modification of a Qualified Domestic

Relations Order ("QDRO") on the grounds that "changed circumstances" exist as a result of the

anticipated discharge of Debtor's equitable distribution obligation in the instant proceeding.[1]

William H. Oliver, Jr., on behalf of the Debtor, filed opposition to the relief requested. A hearing on the motion was held on May 10, 2011.

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, referring all bankruptcy cases to the bankruptcy court. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G). Venue is proper in this Court pursuant to 28 U.S.C. § 1408. The following constitutes the Court's finding of fact and conclusions of law as required by Fed. R. Bankr. P. 7052.[2]

## II.     FACTS/PROCEDURAL HISTORY

Debtor, Nancy Lynn McGowan, and Mark C. McGowan were previously married. Said marriage was terminated through divorce by a judgment entered July 29, 2002 in the matter of *McGowan v. McGowan* in the Superior Court of New Jersey under Docket No. FM-15-1428-00S. The final judgment of divorce ("FJOD") incorporated the parties' Property Settlement Agreement (PSA). The PSA provided that Mr. McGowan would convey to Debtor his rights in the former marital home, located at 1012 North Stream Parkway, Point Pleasant, NJ ("Point Pleasant property"), in consideration for Debtor agreeing to execute a mortgage and note in the amount of $42,573.50, plus 5% interest in favor of Mr. McGowan.

Additionally, in connection with the PSA, the parties entered into a QDRO that provided that a portion of Mr. McGowan's police and firemen's retirement system pension would be withheld for equitable distribution payments to the Debtor. The QDRO represented fifty (50)

---

[1] The Court notes that Movant's pleadings included a request for stay relief to compel the emancipation of Movant and Debtor's twenty-four year old daughter. The emancipation issue has since been resolved. Accordingly, the Court need not address it.

[2] To the extent that any of the findings of fact might constitute conclusions of law, they are adopted as such. Conversely, to the extent that any conclusions of law constitute findings of fact, they are adopted as such.

percent of the portion of the earned pension during the marriage. This figure was determined and prepared by an independent pension appraiser.

On February 1, 2010, the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. On Schedule F of Debtor's petition, Debtor listed Mr.McGowan's judgment lien on the Point Pleasant property in the amount of $42,000. On Schedule C of Debtor's petition, Debtor claimed an exemption in the subject property in the amount of $16,900.00. Debtor additionally exempted her interest in Mr. McGowan's pension plan. Thereafter, the Debtor filed two Chapter 13 plans - a plan and a modified plan - that were both confirmed. The modified plan was entered on January 31, 2011 and provided for the avoidance of Mr. McGowan's judgment lien as it impaired the Debtor's claimed exemption in the subject premises. 11 U.S.C. § 522(f).

Mr. McGowan now seeks an Order from this Court granting stay relief so that he may pursue modification of the QDRO in state court. Specifically, Mr. McGowan seeks to setoff the Debtor's interest in his pension plan against the Point Pleasant property judgment lien based on the theory of changed circumstances. Mr. McGowan argues that equity demands that the Debtor's interest be revalued and reduced by the amount of money that she owes Mr. McGowan. The Court disagrees. For the reasons set forth below, the relief Mr. McGowan requests is denied.

### III.   RELIEF FROM THE AUTOMATIC STAY

Mr. McGowan has moved for lifting of the automatic stay in order to allow the state court to modify a previously entered equitable distribution order. The Debtor argues that this action violates the automatic stay. Section 362(a)(1) of the Bankruptcy Code provides that a bankruptcy petition:

3

> operates as a stay, applicable to all entities, of . . . the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1). "The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions." S.Rep. No. 95-989, at 54 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5840. Pursuant to Section 362(d), the bankruptcy court may lift the automatic stay "for cause." 11 U.S.C. § 362(d). The Bankruptcy Code does not define "cause." *See In re Wilson*, 16 F.3d 87, 90 (3d Cir. 1997). Therefore, the determination to grant a party relief from the stay is made on a case-by-case basis. *Id.* However, factors to consider in deciding whether "cause" has been shown include: (i) prejudice to the debtor's estate, (ii) hardship to the moving party, and (iii) probability of success on the merits. *In re Nortel Networks Corp.*, 445 B.R. 370 (Bankr.D.Del 2011).

      Under the circumstances, the Court concludes that Movant has not carried his burden to show cause as to why the stay should be lifted so that he can proceed with an action before the state court. First, in balancing the hardships to each party, the Court finds that the relief requested would unduly prejudice the Debtor. Mr. McGowan's right to equitable distribution arose prepetition. Mr. McGowan had the opportunity to clarify, negotiate and litigate the terms of the FJOD and accompanying equitable distribution orders in the state court. Mr. McGowan, and/or his counsel, could have provided for reevaluation of the PSA in the event of bankruptcy. In fact, the PSA explicitly addressed Mr. McGowan's bankruptcy filing and set forth a framework for treatment of bankruptcy-related obligations. Additionally, the equitable distribution obligation owing to Mr. McGowan is accounted for in the Debtor's Chapter 13 plan

4

and will be discharged, so long as the Debtor completes payment on the plan. To allow pursuit of a collection effort on a potentially dischargeable obligation undermines the central protections of the Bankruptcy Code afforded to debtors. Accordingly, the Court finds that the prejudice to the Debtor outweighs the potential hardship to Mr. McGowan.

Moreover, the Court finds that Mr. McGowan has little chance of success on the merits. Upon review of the relevant New Jersey statutes and case law, the Court finds that the relief Mr. McGowan seeks is not generally available as a matter of state law. Mr. McGowan seeks to modify a QDRO in response to an alleged change in circumstances – namely, the Debtor's bankruptcy, pending discharge, and avoidance of Mr. McGowan's judgment lien through the Chapter 13 plan. However, the judgment lien, as noted above, is an obligation in the nature of equitable distribution; it is not a domestic support obligation. The New Jersey jurisprudence makes clear that modification of a divorce judgment on the grounds of "changed circumstances" is only appropriate with regard to a domestic support obligation – i.e. alimony, support, and/or maintenance. To that end, N.J.S.A. 2A:34-23 provides that *alimony* and *support orders* define only present obligations of a former spouse and are subject to review and modification on a showing of changed circumstances. Further, N.J.S.A. 2A:34-23 grants courts the authority to fashion orders for *alimony and spousal support* "as the circumstances of the parties and the nature of the case shall render fit, reasonable and just." *Id.* However, the statute makes no mention of modification for equitable distribution.

The case law also supports this position. *See, e.g., Lissner v. Marburger*, 349 N.J.Super. 393, 926 A.2d 890 (N.J.Super.Ch. 2007) (Alimony and child support orders are always subject to review and modification upon a showing of changed circumstances); *Weishaus v. Weishaus*, 180 N.J. 131, 849 A.2d 171(2004) (obligations and benefits of alimony are governed, on an ongoing

5

basis, by a "changed circumstance" inquiry); *Crews v. Crews*, 164 N.J. 11, 751 A.2d 524 (2000) (Alimony and support orders define only the present obligations of former spouses; those duties are always subject to review and modification on a showing of changed circumstances). In sum, the legislation and case law regarding a state court's discretion to modify an equitable distribution obligation on the grounds of "changed circumstances" is noticeably absent. The Court distills from said absence that relief premised on changed circumstances is generally unavailable for equitable distribution obligations. Accordingly, even if pursuit of equitable distribution modification were to comport with the Bankruptcy Code, Mr. McGowan would be unlikely to succeed in his efforts in the state court.

The Court pauses to acknowledge that stay relief may be appropriate in certain instances. Specifically, the Court believes that the state court is often better suited to determine family law matters because of its established expertise in this area of the law. *See In re Persley*, 2008 WL 249855 (Bankr. D.Dist.Col. 2008) (lifting stay to allow divorce distribution proceedings to go forward in the state court); *Robbins v. Robbins*, 964 F.2d 342 (4th Cir. 1992) (granting stay relief in order to allow state court divorce action to continue); *In re Heslar*, 16 B.R. 329, 333(Bankr.W.D.Mich. 1981) (holding that "[a] property settlement involves an inquiry into factors regularly considered by state courts in divorce proceedings, an inquiry which . . . is best left to the state courts."). However, the state court has already considered and addressed the family law matters at issue and entered an FJOD evidencing same. Additionally, as noted, it is not the state court's practice to entertain equitable distribution modification requests on the theory of changed circumstances. Therefore, Mr. McGowan is not seeking to enlist the expertise of the state court in assessing the family law issues. Instead, it appears to the Court that Mr. McGowan is looking simply for the Court's imprimatur to undertake the collection of a debt

subject to discharge. Section 362 explicitly bars such efforts. 11 U.S.C. § 362. In light of the above, the Court denies Mr. McGowan's request for stay relief.

### IV. VIOLATION OF THE AUTOMATIC STAY AND/OR DISCHARGE INJUNCTION

The Court must next turn to the issue of whether Mr. McGowan's request to obtain a modification of the QDRO to adjust the Debtor's interest in Mr. McGowan's pension violates the automatic stay and, upon completion of the plan, would violate 11 U.S.C. § 524(a)(2)'s discharge injunction. At the outset, the Court notes that Mr. McGowan concedes that the debt owed by the Debtor to her former husband is in the nature of equitable distribution and not as the result of a domestic support obligation. As such, assuming and provided that the Debtor completes her Chapter 13 plan, the equitable distribution debt is dischargeable pursuant to 11 U.S.C. § 1328(a)(2).[3] Section 524(a)(2) provides:

> (a) A discharge in a case under this title — (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

11 U.S.C. § 524(a)(2).

Under § 524(a)(2), a discharge operates as an injunction against a broad array of creditor efforts to collect debts as personal liabilities of the discharged debtor. *In re Joubert*, 411 F.3d 452, 456 (3d Cir. 2005). This broad injunction essentially bars pursuit of any relief in another forum for a claim that has been discharged by the bankruptcy court. *In re Fluke*, 305 B.R. 635 (Bankr. D. Del. 2004). The Section 524(a)(2) injunction is liberally construed, bearing in mind the goal of the bankruptcy code to afford the debtor a fresh start. *Id.*

---

[3] Section 1328(a) provides that after completion by the debtor of all payments under the plan, the court shall grant the debtor a discharge of all debts provided for by the plan. 11 U.S.C. § 1328(a). Debts excepted from discharge include those of the kind specified in section 523(a)(1)(B), (1)(C), (2), (3), (4), (5), (8), or (9). However, debts in the nature of equitable distribution – i.e. § 523(a)(15) – are explicitly excluded from § 1328(a)(2).

There is a fairly extensive body of law on this issue. To begin with, general treatise authority indicates that:

> It is clear that once a property settlement obligation is discharged in bankruptcy, it cannot be reimposed by the state court, nor may a new property division be imposed. Quite arguably, basing a new obligation for support on the fact that a property settlement has been discharged is also nothing more than an "end run" around the bankruptcy discharge, an attempt to collect the discharged obligation, or part of it, in another form.

*Collier Family Law and the Bankruptcy Code* ¶ 6.10 (Release No.4, April 1994).

The Court finds that an action to modify a dischargeable equitable distribution order violates § 524(a)(2). As such, the action Mr. McGowan seeks to undertake is not proper. The relevant case law supports this position. In *In re Fluke*, 305 B.R. 635 (Bankr. D. Del 2004), a PSA between the debtor and debtor's husband provided that the debtor assumed responsibility for $9,415.15 in credit card and installment debt. The *Fluke* court determined that the credit card debt was dischargeable under § 523(a)(15). Thereafter, the Chapter 7 debtor's ex-husband filed a petition for special relief in the divorce court seeking to modify the PSA as a result of the discharged debt. The *Fluke* court held that that the ex-husband's conduct in returning to divorce court in an attempt to alter property settlement provisions of a divorce decree and essentially reinstate the discharged property settlement debt violated the discharge injunction. *Id.* at 639-41.

Moreover, in *Brabham v. Brabham*, 184 B.R. 4776 (Bankr. D.S.C. 1995), the debtor's husband moved for relief from judgment in the family court after the debtor discharged $5,320.83 in marital debt owing to her husband. *Id.* at 479. The *Brabham* court held that Mr. Brabham, the debtor's husband, violated the discharge injunction when, following entry of Mrs. Brabham's bankruptcy discharge, Mr. Brabham sought to modify the property settlement provisions of the divorce decree on the theory that Mrs. Brabham's discharge had rendered the decree inequitable. The *Brabham* court was not persuaded by Mr. Brabham's "changed

8

circumstances" argument. Instead, the court determined that Mr. Brabham's conduct was nothing more than an attempt to circumvent the Bankruptcy Code. *Id.* at 487.

Another decision from a California bankruptcy court found that payments to the debtor that were in the nature of a property settlement could not be modified by state court order. *In re Edwards*, 91 B.R. 95 (Bankr.C.D.Cal. 1988). In so holding, The Edwards court stated:

> Therefore the effect of the state court order (which required the debtor to retroactively pay discharged joint debts) was not to make an adjustment in spousal support based upon an increased need, but rather to circumvent the bankruptcy laws and find a way to make a discharged debt in effect nondischargeable.

*Id. See also In re Carleton*, 2011 Bankr. LEXIS 1498 (N.D.Ala. 2011) (holding that any further action regarding a prepetition equitable distribution claim is a violation of the discharge injunction imposed by § 524(a)(2)); *In re Spankowsi*, 172 Wis.2d 285, 493 N.W.2d 737 (1992) (finding that family court had abused its discretion in modifying a property settlement to adjust debtor's obligation to pay one half of a state retirement pension to the spouse after the debtor had obtained a discharge).

Modification of an equitable distribution obligation is, and has been, distinguished from modification of a domestic support obligation arising under an equitable distribution order. The pertinent case law tracks this distinction. *See Kruse v. Kruse*, 464 N.E.2d 934 (Ind.App. 3 Dist. 1984) (the state court allowed an increase in child support because the debtors failure to pay second mortgage resulted in loss of families home which directly affected children's standard of living); *Hopkins v. Hopkins*, 487 A.2d 500 (R.I. 1985) (family court restored an award of alimony (despite its earlier waiver) because of debtor's bankruptcy and required debtor to indemnify spouse on joint debts to that degree); *Ganyo v. Engen*, 446 N.W.2d 683 (Minn.Ct.App.1989) (the state court held that benefit of discharge of debts can be seen as a changed circumstance so as to allow state court modification of maintenance reward, especially

when the divorce decree provided for reevaluation in case of bankruptcy); and *Siegel v. Siegel*, 243 N.J.Super.211, 578 A.2d 1269 (1990) (the state court increased alimony during bankruptcy because debtor's bankruptcy caused delays in payment of her equitable distribution payment). Accordingly, to the extent a party seeks modification of a domestic support obligation to deal with any changed circumstance resulting from a discharge of debts, such relief will not necessarily be violative of § 524(a)(2).[4]

Returning to the facts at hand, Mr. McGowan's claim against the Debtor on the Point Pleasant property is a dischargeable equitable distribution debt. Mr. McGowan, unsatisfied with the terms of the confirmed Chapter 13 plan and pending discharge of his lien, seeks leave from this Court to reduce the Debtor's property rights in his pension plan. However, to allow Mr. McGowan to return to state court and renegotiate the Debtor's interest in his pension to setoff the dischargeable judgment lien is impermissible. To that end, the Court is not persuaded by Mr. McGowan's changed circumstances argument. As noted above, a changed circumstance argument is applicable only when dealing with alimony, support or maintenance payments. The relief sought here does not arise out of a domestic support obligation. As the *Fluke* and *Brabham* courts made clear, such end-run's around the Bankruptcy Code effectively negate the "fresh start" afforded to all debtors and are thus impermissible. *Fluke,* 305 B.R at 638. Instead, the Court finds that Mr. McGowan is no different than any other unsecured creditor. Certainly, if American Express, for example, sought to reopen litigation to collect a discharged credit card debt, there would be no doubt that such conduct would be prohibited under the Bankruptcy

---

[4] To that end, at the May 10, 2011 hearing, Debtor's counsel noted that Debtor may seek modification of alimony payments as a result of her discharge. To the extent the Debtor pursues such action in the state court and Movant seeks to oppose such modification, this Court adjudges that the automatic stay would not bar such relief.

Code. From the above discussion, the Court believes that it is clear that Mr. McGowan's requested conduct, if pursued, would violate §362(a) and § 524(a)(2).

## V.     CONCLUSION

The Court rules that an unsecured creditor's attempt to modify a prepetition equitable distribution order where the obligation is subject to discharge in the debtor's Chapter 13 plan violates both the automatic stay and discharge injunction. Additionally, as a matter of state law, modification of divorce judgments as a result of "changed circumstances" is only generally permitted with respect to domestic support obligations – not equitable distribution obligations. Accordingly, the Court denies Mr. McGowan's Motion for Relief from the Automatic Stay. The Court will enter the appropriate order.

Dated: June 15, 2011

*/s/ Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge