UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
U.S. COURTHOUSE
402 E. STATE STREET
TRENTON, NEW JERSEY 08608

Hon. Michael B. Kaplan 609-858-9360
United States Bankruptcy Judge 609-989-2259 Fax

February 26, 2014

William H. Oliver, Jr., Esq.
Law Offices of William H. Oliver, Jr.
Brandywine Commons
2240 Route 33 East, Suite 112
P.O. Box 667
Neptune, NJ 07753
*Attorney for Debtor, Nancy Lynn McGowan*

Peter J. Broege, Esq.
Broege Neumann, Fischer & Shaver, L.L.C.
25 Abe Voorhees Drive
Manasquan, NJ 08736
*Attorney for Mark C. McGowan*

       Re: <u>In re Nancy Lynn McGowan</u> (Chapter 13) (MBK)
          Case No. 10-12944

Counselors:

  This matter is before the Court upon the motion ("Motion") of Nancy L. McGowan ("Debtor"), which seeks damages stemming from an alleged stay violation by her former spouse, Mark C. McGowan ("Mr. McGowan"). The Court has reviewed the pleadings submitted and entertained oral argument on February 11, 2014. The Court has also received and reviewed the supplemental pleadings filed by the parties. The Court issues the following ruling:

  **I.**  **Jurisdiction**

  The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended October 17, 2013, referring all bankruptcy cases to the bankruptcy court. This matter is

a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(G) and (O).  Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

## II.    Background

On February 1, 2010, the Debtor filed her voluntary Chapter 13 petition.  Thereafter, the Debtor filed two Chapter 13 plans – a plan and a modified plan – that were both confirmed.  An order confirming the Debtor's modified plan was entered on January 31, 2011.

On March 9, 2011, Mr. McGowan filed a stay relief motion, seeking approval to pursue modification of a Qualified Domestic Relations Order ("QDRO") in state court.  Specifically, Mr. McGowan sought to setoff, on the grounds of "changed circumstances", the Debtor's interest in his pension plan against his lien on certain former marital property located in Point Pleasant, New Jersey.  On June 15, 2011, this Court issued an opinion denying Mr. McGowan's request, finding that (i) an unsecured creditor's attempt to modify a prepetition equitable distribution order, where the obligation is subject to discharge in a debtor's Chapter 13 plan, violates both the automatic stay and discharge injunction; and (ii) as a matter of state law, modification of divorce judgments as a result of "changed circumstances" is only generally permitted with respect to domestic support obligations – not equitable distribution obligations.

On October 10, 2013, more than two years after the Court issued its June 15, 2011 opinion, the Debtor filed the within Motion.  By the Motion, the Debtor seeks damages relating to Mr. McGowan's alleged stay violation for pursuing certain post-petition motions in the state court relating to the QDRO, and subsequently filing a stay relief motion in this Court.  The Debtor seeks approximately $14,000 in damages consisting of costs, attorneys' fees, and punitive

2

damages. More specifically, the Debtor seeks damages for (i) Mr. McGowan's alleged violation of the automatic stay, pursuant to 11 U.S.C. § 362(k), for not withdrawing the portion of the state court motion dealing with property of the Debtor's estate, including attorneys' fees and costs; and (ii) punitive damages to the extent permissible under 11 U.S.C. § 362(k). For the reasons that follow, the Court will allow a portion of the damages sought by the Debtor.

### III. Discussion

#### A.    Mr. McGowan's State Court Motions

"For those instances where an entity does not abide by rules set forth in [11 U.S.C. § 362], [§] 362(k) provides an independent cause of action for a variety of damages based on a 'willful violation of the stay.'" Lienhard v. Lehighton Ambulance Assoc. (In re Lienhard), 498 B.R. 443, 450 (Bankr. M.D. Pa. 2013). "To succeed on a 'willful' stay-violation claim, the debtor must prove: (1) a violation of the stay occurred; (2) the creditor had knowledge of the bankruptcy case when acting; and (3) the violation caused actual damages." Id. (citations omitted). Moreover, "[a] debtor must prove these elements by a preponderance of the evidence." Id.

In light of the record that has been developed thus far, the Court is satisfied that Mr. McGowan violated the automatic stay when he sought post-petition relief in the state court. It is undisputed that Mr. McGowan received notice of the Debtor's bankruptcy filing and therefore had knowledge of the bankruptcy case. See Lienhard 498 B.R. at 450 ("In essence, mere 'knowledge of the existence of the bankruptcy case' equates to knowledge of the stay.'") (citing Thomas v. City of Philadelphia, 2013 Bankr. LEXIS 3323 (Bankr. E.D. Pa. 2013)). Further, this

Court's June 15, 2011 opinion explains in detail that an unsecured creditor's attempt to modify a prepetition equitable distribution order, where the obligation is subject to discharge in a debtor's Chapter 13 plan, violates both the automatic stay and discharge injunction. In pursuing modification of the QDRO in state court, this Court is satisfied that Mr. McGowan acted in violation of the automatic stay, causing the Debtor damages in the form of legal expenses in having to defend the state court motions.[1]

"Without a doubt, Congress intended § 362(k)(1) to permit recovery as damages of fees incurred to prevent violation of the automatic stay." Sternberg v. Johnston, 595 F.3d 937, 946 (9th Cir. Ariz. 2009). Indeed, under § 362(k) "[a]ttorneys' fees are included in 'actual damages' and are not addressed as a separate category of damages." In re Dean, 490 B.R. 662, 670 (Bankr. M.D. Pa. 2013). Further, § 362(k) "is not a typical fee-shifting statute" in that the statute "provides for recovery of damages including attorneys' fees, not damages and attorneys' fees." In re Thompson, 426 B.R. 759, 765 (Bankr. N.D. Ill. 2010) (citing Siharath v. Citifinancial Servs. (in Re Siharath), 285 B.R. 299 (Bankr. D. Minn. 2002)). Accordingly, the Court will award the Debtor damages in the amount of $3,000 for legal expenses incurred in connection with defending the state court motions.[2] This sum reflects charges for the period February 11, 2010 through March 3, 2011, together with a reasonable fee for filing the within Motion.[3]

---

[1] Although the Court finds that a stay violation occurred, the Court is not satisfied that such violation was so egregious to warrant punitive damages. See In re Dean, 490 B.R. 662, 671 (Bankr. M.D.Pa. 2013) ("Punitive damages are awarded when defendant's conduct amounts to something more than a bare violation justifying compensatory damages or injunctive relief" and "is an appropriate response to particularly egregious conduct for both punitive and deterrent purposes.").

[2] To be clear, the Court holds Mr. McGowan liable to the Debtor for the $3,000 damage award, not Mr. Broege or his firm. As discussed below, the Court finds that the circumstances of this case do not warrant damages under Fed. R. Bankr. P. 9011.

### B.    Mr. McGowan's Stay Relief Motion

As part of the damages sought in the Motion, Debtor also seeks compensation for paying her attorney to defend the stay relief motion filed by Mr. McGowan in this Court. Despite Debtor's request, however, the Court will not penalize Mr. McGowan for simply filing a motion that he was entitled to prosecute under the Bankruptcy Code. Section 362(d) specifically allows a party in interest to seek relief from the stay, and **does not** state that damages are appropriate if the moving party is unsuccessful in prosecuting the motion. Indeed, permitting the Debtor to collect damages from Mr. McGowan would serve to deter creditors from filing stay relief motions for fear of being exposed to damages if unsuccessful. Thus, the Court will not award damages to the Debtor relative to defending Mr. McGowan's stay relief motion.

### C.    Fed. R. Bankr. P. 9011

To the extent the Debtor seeks damages stemming from an alleged violation of Fed. R. Bankr. P. 9011 ("Rule 9011"), relative to the filing of Mr. McGowan's stay relief motion in the Bankruptcy Court, the Court is unpersuaded by such argument. The Third Circuit Court of Appeals recently addressed Rule 9011 and explained, in relevant part, as follows:

> Rule 9011 requires, inter alia, that attorneys' submissions to the court not be "presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation," that legal assertions be "warranted by existing law," and that "factual contentions have evidentiary support." Fed. R. Bankr. P. 9011(b). If any of these requirements is violated, a court has the discretion—"after notice and a reasonable opportunity to

---

[3] Although actual damages "may also include fees incurred in prosecuting a damages action under 11 U.S.C. § 362(k)," see infra Thompson, 426 B.R. at 765, the Court finds that awarding a reasonable fee for bringing the within Motion, in addition to allowing legal fees for defending Mr. McGowan's state court motions, is the appropriate remedy in this case.

5

> respond"—to impose sanctions, which may be initiated by motion or sua sponte by the court. Id. 9011(c).
>
> Rule 9011's safe harbor provides that, if a party is moving for sanctions, the "motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Id. 9011(c)(1)(A). Only after this 21-day "safe harbor" period may the moving party file its motion with the court. Id.

Ettinger & Assocs,. v. Miller (In re Miller), 730 F.3d 198, 203-204 (3d Cir. Pa. 2013). Thus, a request for sanctions or damages stemming from an allegedly "frivolous" court filing must first provide a safe harbor period by which the responding party may correct the alleged wrong. In light of the fact that no such safe harbor notice was provided to Mr. McGowan's counsel in the instant case, the Court will not treat the within Motion as a motion for Rule 9011 sanctions.

## IV. Conclusion

In light of the foregoing, Debtor's Motion is granted in part. The Court will enter an appropriate order.

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Dated: February 26, 2014